# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RICO MENDOZA,            )
                         )
      Plaintiff,       )
                         )
  v.                     )
                         )  No. 14-cv-1008
COOK COUNTY SHERIFF'S POLICE )
OFFICER JOSEPH BENNETT #10345 )
and COOK COUNTY SHERIFF'S )
POLICE OFFICER MENTZ #10550, )
                         )
      Defendants.      )

## ORDER

The Court grants Defendants' motion to dismiss [9], and dismisses the Amended Complaint without prejudice. Plaintiff shall file a Second Amended Complaint consistent with this Order by July 17, 2014. Defendants shall answer or otherwise plead to the Second Amended Complaint by August 7, 2014. Status hearing set for July 8, 2014 is stricken and reset to August 13, 2014 at 8:30 a.m.

## STATEMENT

On February 13, 2014, Plaintiff Rico Mendoza filed suit against Cook County Police Officer Joseph Bennett and a second unknown officer. (*See* R. 1.) Plaintiff subsequently filed an Amended Complaint identifying the unknown officer as Cook County Police Officer Mentz. (*See* R.17, Am. Compl.) Defendants move to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (*See* R. 9, Mot.) For the following reasons, the Court grants Defendants' motion, and dismisses the Amended Complaint without prejudice.

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Although Rule 8 does not require a plaintiff to plead detailed factual

---

[1] Defendants filed their motion to dismiss before Plaintiff filed the Amended Complaint identifying Mentz as the second defendant. On June 3, 2014, the Court granted Defendants' oral request to apply the motion to dismiss to the newly-named second defendant. (*See* R. 18.) The Court, therefore, treats Defendants' motion to dismiss the original Complaint as directed to the Amended Complaint.

allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly,* 550 U.S. at 555). A pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" does not suffice, nor do "naked assertion[s] devoid of further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 555, 557). Rather, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570).

Plaintiff's Amended Complaint consists of only six one-sentence paragraphs. Only two sentences pertain to the event in question. Plaintiff alleges that, on or about July 2, 2012, Defendants arrested him in case number 12-535498. (Am. Compl. ¶ 4.) According to Plaintiff, "Defendants used excessive and unreasonable force in the course of arresting [P]laintiff, causing [him] to incur serious personal injuries and to be deprived of rights secured by the Fourth and Fourteenth Amendments . . . ." (*Id.* ¶ 5.) The Amended Complaint contains no other information regarding Plaintiff's claim. Such barebones and conclusory allegations fail to state a plausible claim for excessive force. *See Ashcroft,* 556 U.S. at 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Winkfield v. City of Chicago,* No. 12 C 3750, 2013 WL 5737348, at *4 (N.D. Ill. Oct. 22, 2013) (barebones allegation that "[t]here was some degree of excessive force used" is insufficient to state a retaliation claim); *Muhammad v. Village of S. Holland,* No. 12-CV-275, 2014 WL 3400085, at *2 (7th Cir. 2014) (dismissing excessive force claim where the plaintiff attempted to plead his claim by "generically listing concepts rather than factually describing any event"); *Scretching v. Schlosser,* No. 12 Civ. 8129 (PAE), 2014 WL 1797687, at *6 (S.D.N.Y. May 6, 2014) (recommending dismissal of the plaintiff's excessive force claim where the plaintiff had failed to plead additional facts to support his allegations or demonstrate that the force was objectively reasonable); *Lyman v. City of Albany,* 536 F. Supp. 2d 242, 249 (N.D.N.Y. 2008) (dismissing excessive force claim where the complaint contained "no factual allegations that detail any force used, why it was excessive, or how [the] [p]laintiff was injured."). The Court, therefore, grants Defendants' motion to dismiss.

## CONCLUSION

For the reason explained above, the Court grants Defendants' motion to dismiss, and dismisses the Amended Complaint without prejudice. Plaintiff shall file a Second Amended Complaint consistent with this Order by July 17, 2014. Defendants shall answer or otherwise plead to the Second Amended Complaint by August 7, 2014.

Date: July 3, 2014

AMY J. ST. EVE
United States District Court Judge

2